The Honorable Jonathan S. Fitch State Senator Rural Route 1 Hindsville, AR 72738
Dear Senator Fitch:
This is in response to your request for an opinion regarding the effect of unrecorded restrictions placed upon rural property. You state in your request that there are no planning and zoning regulations in Carroll County governing rural agricultural property and that, accordingly, the assessor's office does not record restrictions, covenants, or subdivisions on such property. Your specific question is:
 Does a seller of such property have the legal authority to restrict a buyer of this property as to what can be built on the property or what it can be used for without properly recorded documentation?
In my opinion, the answer to this question is "no."
Arkansas Code Annotated 18-12-103 (1987) provides:
 No restrictive or protective covenants affecting the use of real property nor any instrument purporting to restrict the use of real property shall be valid or effective against a subsequent purchaser or owner of real property unless the restrictive or protective covenants or instrument purporting to restrict the use of the real property is executed by the owners of the real property and recorded in the office of the recorder of the county in which the property is located.
Under this provision, it appears that any such restriction would be ineffective unless properly recorded. The Arkansas Supreme Court held to this effect in Knowles v. Anderson,307 Ark. 393, 821 S.W.2d 466 (1991), rejecting arguments in favor of recognizing a mere general plan or scheme of development. Of course, any applicable zoning ordinances would likewise have to be properly adopted to be effective. See A.C.A. 14-17-205
through -210 (1987) (governing county planning and zoning).
I must point out, however, that it is the responsibility of the county circuit clerk, who serves as the recorder for the county, to record all such restrictions upon real property. See A.C.A. 14-14-502(a)(2)(A)(vii), 14-14-603(b)(7), and14-14-1301(a)(2) (1987). The clerk/recorder's duties in this regard are set out at A.C.A. 14-15-401 to -414 (1987).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh